**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - x

ADRIANE PADILLA,                                   :

                 **Plaintiff,**    :

                                    07 Civ. 4866 (DLI) (RER)

      - against -                                  :

                                 :

SANTIAGO MANLAPAZ a/k/a SONNY
MANLAPAZ; LILIA REYES a/k/a LILY :
REYES; BAGUIO CORPORATION
a/k/a BAGUIO VISAYAS                               :
CORPORATION d/b/a BARRIO
FIESTA RESTAURANT a/k/a BARRIO :
FIESTA a/k/a FIESTA BARRIO;
VISAYAS CORPORATION d/b/a                          :
BARRIO FIESTA RESTAURANT a/k/a
BARRIO FIESTA a/k/a FIESTA                         :
BARRIO; MELPITO CORPORATION
a/k/a MELPITO CORPORATION d/b/a :
BARRIO FIESTA RESTAURANT a/k/a
BARRIO FIESTA a/k/a FIESTA                         :
BARRIO,

                                  :

                **Defendants.**   :

- - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Mark Cheffo (MC 6335)           David Colodny (DC 4234)
Limor Robinson (LR 6319)        Urban Justice Center
Four Times Square                 123 William Street
New York, New York 10036-6522   16th Floor
(212) 735-3000                    New York, New York 10038
                                     (646) 602-5600

                                     Attorneys for Plaintiff Adriane Padilla

Dated:  December 24, 2008

## TABLE OF CONTENTS

Table of Authorities ........................................................................................................ ii

I. PRELIMINARY STATEMENT ................................................................................. 1

II. STATEMENT OF FACTS ........................................................................................ 3

III. ARGUMENT ........................................................................................................... 4

    A.    Applicable Legal Standards ................................................................. 4

        1.    Summary Judgment Standards ................................................. 4

        2.    Defendants' Failure to Maintain Required Records of Hours and Wages ................................................................................. 5

    B.    Plaintiff is Entitled to Summary Judgment on Count Three due to Defendants' Failure to Pay Minimum Wage ....................................... 5

        1.    Defendants Never Claimed to be Taking a Tip Allowance ......... 7

        2.    Defendants Misappropriated Ms. Padilla's Gratuities ............... 8

    C.    Plaintiff is Entitled to Summary Judgment on Count Four due to Defendants' Failure to Pay Overtime Compensation .............................. 9

    D.    Plaintiff is Entitled to Summary Judgment on Count Five due to Defendants' Failure to Pay "Spread of Hours" Compensation ............... 10

    E.    Plaintiff is Entitled to Summary Judgment on Counts Seven and Nine Due to Defendants' Illegal Withholding of Wages ...................................... 11

    F.    Defendants Manlapaz and Reyes are Each "Employers" Under the New York Labor Law and are Jointly and Severally Liable for All Wage Violations ........................................................................................ 12

        1.    Legal Standards for Individual Liability Under the New York Labor Law ............................................................................ 12

        2.    Defendants are "Employers" Pursuant to the Relevant Metrics ................ 14

    G.    The Plaintiff Should be Awarded Liquidated Damages Due to the Willful Nature of Defendants' Violations ......................................................... 15

    H.    Amount of Damages Due for New York Labor Law Violations ............... 16

IV. CONCLUSION ........................................................................................................ 18

## **TABLE OF AUTHORITIES**

### CASES

Page

*Aguilar v. E-Z Supply Corp.*, No. 06-CV-6790 (SLT) (RER), 2008
WL 905224 (E.D.N.Y. Mar. 31, 2008) ........................................................5, 9

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ..............................5

*Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184
(S.D.N.Y. 2003) ..........................................................................................13, 14

*Bonnette v. California Health & Welfare Agency*, 525 F. Supp. 128 (N.D. Cal.
1981), aff'd, 704 F.2d 1465 (9th Cir. 1983) ......................................................14

*Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988) .............................13

*Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984)....................13

*Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 313483
(S.D.N.Y. Feb. 1, 2007) ..........................................................................5, 11, 15

*Chao v. Vidtape, Inc.*, 196 F. Supp. 2d 281 (E.D.N.Y. 2002), aff'd and modified,
66 F. App'x (2d Cir. 2003) ..............................................................................14

*Falk v. Brennan*, 414 U.S. 190 (1973) ..............................................................14

*Guenther v. Modern Continental Companies*, 561 F. Supp. 2d 317
(E.D.N.Y. 2008) ..................................................................................................4

*Herman v. RSR Security Services Ltd.*, 172 F.3d 132 (2d Cir. 1999) ...........13, 14

*Jiao v. Chen*, No. 03 Civ. 0165, 2007 U.S. Dist. LEXIS 96480 (S.D.N.Y. Mar. 30,
2007) ..................................................................................................................12

*Ke v. Saigon Grill, Inc.*, No. 07 Civ 2329 (MHD), 2008 U.S. Dist. LEXIS 86300
(S.D.N.Y. Oct. 21, 2008) ..................................................................................11

*Liu v. Jen Chu Fashion Corp.*, No. 00 Civ. 4221 (RJH) (AJP), 2004 U.S. Dist.
LEXIS 35 (S.D.N.Y. Jan. 7, 2004) ....................................................................10

*Lu v. Jing Fong Restaurant, Inc.*, 503 F. Supp. 2d 706 (S.D.N.Y. 2007)............8

*Moon v. Kwon*, 248 F. Supp. 2d 201 (S.D.N.Y. 2002) ................................................14, 15

*In re Ngan Gung Restaurant, Inc.*, 183 B.R. 689 (Bankr. S.D.N.Y. 1995) ........................8

*Perero v. Food Jungle, Inc.*, No. 95 CV 4347 (JG), 2006 WL 2708055 (E.D.N.Y.
    Aug. 7, 2006) ..........................................................................................................17

*Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253 (2d Cir. 1999)...............................17

*Yang v. ACBL Corp.*, 427 F. Supp. 2d 327 (S.D.N.Y. 2005) ....................................10, 17

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003).............................................13

## STATUTES

Fed. R. Civ. P. 56 .............................................................................................................1

Fed. R. Civ. P. 8(b)(6) .....................................................................................................12

E.D.N.Y. Civ. R. 56.1........................................................................................................3

N.Y. Comp. Codes R. & Regs. tit. 12, § § 137-1.1 – 137-3.13 (2008)...............................7

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.2(a) (2004) .............................................6

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.2(b) (2003) .............................................6

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.2(b) (2005) .............................................6

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.2(c) (2006) .............................................6

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3 (2008)...............................................9, 10

N.Y. Comp. Codes R. & Regs. tit. 12, § § 137-1.4, 137-1.5 (2008)..................................6

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.5(a)-(c) (2008).........................................6

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7 (2008)................................................10

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.1(a) (2008) .............................................5

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.1(a)(7) (2008)...........................................7

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2 (2008)....................................................7

N.Y. Comp. Codes R. & Regs. tit. 12, § 137-3.11 (2008) ................................................11

N.Y. Lab. Law § 190(3) (McKinney 2008) ........................................................................12

N.Y. Lab. Law § 191(1)(a) (McKinney Supp. 2008) .........................................................12

N.Y. Lab. Law § 195(4) (McKinney 2002) .........................................................................5

N.Y. Lab. Law § 196-d (McKinney 2002) ...........................................................................8

N.Y. Lab. Law § 198(1-a) (McKinney 2008) ....................................................................15

N.Y. Lab. Law §§ 198(3), 663(3) (McKinney 2008) ........................................................16

N.Y. Lab. Law § 650-65 (McKinney 2002 & Supp. 2008) ...............................................11

N.Y. Lab. Law § 651(9) (West Supp. 2008) ....................................................................6, 7

N.Y. Lab. Law § 652(4) (McKinney Supp. 2008) ..............................................................6

N.Y. C.P.L.R. §§ 5001, 5004 (McKinney 2008) ..............................................................16

N.Y. C.P.L.R. § 5001(b) (McKinney 2008) .....................................................................17

Plaintiff Adriane Padilla ("Plaintiff") respectfully submits this memorandum in support of her motion, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment against defendants Santiago Manlapaz, Lilia Reyes, Visayas Corporation, Baguio Corporation, and Melpito Corporation (hereinafter individually and collectively referred to as "Defendant" or "Defendants") on Counts Three, Four, Five, Seven, and Nine of Plaintiff's Complaint, dated November 21, 2007.

## I.

## PRELIMINARY STATEMENT

In Plaintiff's Complaint, filed November 21, 2007, Plaintiff sought relief for, inter alia, (i) New York State minimum wage violations; (ii) New York State overtime violations; (iii) New York State spread of hours pay violations; (iv) illegal wage deductions under New York Labor Law; and (v) failure to pay wages under New York Labor Law. Plaintiff's Complaint painted a grim picture of Defendants' willful and flagrant failure to pay her the compensation and gratuities mandated by New York's Labor Law.

This depiction was confirmed by the documents and testimony introduced by both sides. In that connection, Defendants have conceded that they paid each of the waitresses only $3.00 per hour for their regular shifts at the restaurant which employed them, and furthermore that they withheld even that paltry sum for the last eight months of Plaintiff's employment. Plaintiff and the other waitresses were also not given overtime pay or spread of hours compensation. Furthermore, Defendants concede that they instructed Plaintiff to share her tips with the restaurant's salaried employees, despite the fact that these gratuities were often added automatically to patrons' bills and presented as a gratuity for the waitresses. Notably,

Defendants never claimed a tip credit, nor did they inform Plaintiff of their intention to take a tip credit or of the relevant minimum wage.

The undisputed facts confirm Defendants' clear and willful violation of several sections of New York's Labor Law, including minimum wage violations, overtime violations, spread of hours violations, and withholding of wages. Accordingly, this Court should grant summary judgment on all of these counts to Plaintiff.

## II.

## STATEMENT OF FACTS

The undisputed material facts are fully set forth in Plaintiff's Rule 56.1 Statement of Undisputed Material Facts pursuant to Local Civil Rule 56.1 (the "Rule 56.1 Statement"), and are thus fully incorporated herein.

## III.

## ARGUMENT

As illustrated below, Plaintiff respectfully submits that, as a matter of law, Plaintiff is entitled to summary judgment on Counts Three, Four, Five, Seven and Nine of her Complaint. The material undisputed facts relevant to Plaintiff's Motion for Partial Summary Judgment are set forth in Plaintiff's Rule 56.1 Statement.

**A.**    **Applicable Legal Standards**

    **1.**    **Summary Judgment Standards**

A moving party is entitled to summary judgment on a claim "where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law." Guenther v. Modern Cont'l Cos., 561 F. Supp. 2d 317, 321 (E.D.N.Y. 2008) (Reyes, Magis. J.) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Thus, summary judgment should be granted where "the opposing party fails to make a showing of an essential element of its case for which it bears the burden of proof." Guenther, 561 F. Supp. 2d at 321 (citing Celotex, 477 U.S. at 323). Moreover, "[t]o overcome a motion for summary judgment, the opposing party must show that there is an issue of material fact in dispute. That is, the disputed fact must be one which 'might affect the outcome of the suit under the governing law.'" Guenther, 561 F. Supp. 2d at 321 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Summary judgment is appropriate where the "opposing party does not set forth specific facts showing that there is a genuine issue for trial." Guenther, 561 F. Supp. 2d at 321 (citing Fed. R. Civ. P. 56(c)).

**2.    Defendants' Failure to Maintain Required Records of Hours and Wages**

The New York Labor Law requires employers to "establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee." N.Y. Lab. Law § 195(4) (McKinney 2002).  See also N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.1(a) (2008); Aguilar v. E-Z Supply Corp., No. 06-CV-6790 (SLT)(RER), 2008 WL 905224, at *3 (E.D.N.Y. Mar. 31, 2008) (Reyes, Magis. J.) (holding that employers are required to maintain accurate records of hours worked).  These record-keeping requirements "are not mere technicalities," but are "'fundamental underpinnings'" of the labor laws.  Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048(GEL), 2007 WL 313483, at *23 (S.D.N.Y. Feb. 1, 2007) (citations omitted).

The failure of an employer to abide by these provisions has the effect of altering the burden of proof in an ensuing civil litigation.  While ordinarily an employee seeking to recover under the FLSA has "the burden of proving that he performed work for which he was not properly compensated," Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946), where, as here, an employer fails to maintain records concerning the employee's wages, hours, and other terms and conditions of employment as required by the FLSA, the plaintiff need only "prove[] that he has in fact performed work for which he was improperly compensated and . . . produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. at 687; see also Aguilar, 2008 WL 905224, at *3.  A plaintiff may meet this burden "solely through his or her own recollection." Aguilar, 2008 WL 905224, at *3.

**B.    <u>Plaintiff is Entitled to Summary Judgment on Count Three due to Defendants' Failure to Pay Minimum Wage</u>**

Plaintiff alleges that Defendants failed to pay her the minimum wage required under the New York Labor Law, and that such violations were willful.  (Ex. 1, ¶¶ 127-31.)

There is no dispute that Defendants paid Plaintiff only $3.00 per hour for the duration of her

regular employment with the restaurant, and $30.00 per shift when she worked at private parties

or buffet shifts, both well under the prevailing minimum wage.  (Ex. 2, Manlapaz Tr. at 13:5-7;

Ex. 5, ¶ 14.)  Moreover, it is undisputed that Defendants did not pay Plaintiff any wages at all for

approximately the final eight months of her employment.  (Ex. 5, ¶ 14; Ex. 3, Padilla Tr. at

116:14-12, 127:12-17.)  Defendants' acts thus constitute a clear minimum wage violation of the

New York Labor Law.

The applicable minimum wage under the New York Labor Law during Ms.

Padilla's employment at Barrio Fiesta was $5.15 per hour during 2003 and 2004 (N.Y. Comp.

Codes R. & Regs. tit. 12, § 137-1.2(b) (2003); N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.2(a)

(2004)), $6.00 per hour during 2005 (N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.2(b) (2005)),

and $6.75 per hour during 2006 (N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.2(c)(2006)).

Although employees who earn gratuities may be paid less than this full minimum wage under

some limited circumstances, an employer's entitlement to a "tip allowance" is not automatic.

Rather, the statutory and regulatory scheme provides for a maximum allowance that can be taken

against an employer's minimum wage obligations, but only if certain conditions are met.  See

N.Y. Lab. Law § 652(4) (McKinney Supp. 2008); N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-

1.4, 137-1.5 (2008).[1]  In this case, Defendants failed to meet two necessary conditions:  They

failed to contemporaneously claim the tip credit, and they did not allow Ms. Padilla to keep all of

the gratuities that she earned.

---

[1]     The maximum tip allowance for "food service worker[s]"was $1.85 per hour during 2003 and 2004, $2.15 per
hour during 2005 and $2.40 per hour during 2006.  N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.5(a) - (c)
(2008).  "Food service worker[s]" include workers primarily engaged in the servicing of food to restaurant
patrons, and who regularly receive gratuities from such patrons.  N.Y. Lab. Law § 651(9) (West Supp. 2008).

### 1.    Defendants Never Claimed to be Taking a Tip Allowance

The Minimum Wage Order for the Restaurant Industry, N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.1 to 137-3.13 (2008) ("Wage Order"), provides pre-conditions for an employer seeking the benefit of a tip allowance against its minimum wage obligations, including two prerequisites which are particularly relevant here: (1) that the employer must contemporaneously claim the allowance; and (2) that the employer must notify the employee of the amount of any allowance claimed.  See N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.1(a)(7) (2008) (the employer must keep records for six years of, inter alia, "allowances, if any, claimed as part of the minimum wage") (emphasis added); N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2 (2008) ("Every employer covered by [the Wage Order] shall furnish to each employee a statement with every payment of wages listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages.") (emphasis added).

Here, there is no dispute that Defendants never claimed a tip allowance against their minimum wage obligations and never notified Plaintiff that they were doing so.  (See Ex. 5, ¶ 5.)  It is clear from the record that they were not even aware of their precise obligations with respect to the minimum wage.  (Ex. 2, Manlapaz Tr. at 22:9-11.)  Further, Defendants did not provide Plaintiff with a payment stub or other documentation describing the allowance claimed. (Id. at 115:5-14.)  Defendants are also ineligible to claim a tip allowance because they did not keep records of any tip allowance claimed.[2]  (Id. at 57:2-22, 109:22-110:22.)  As a result, Defendants cannot claim the allowance at this late date, and they are obligated to pay the full minimum wage without any allowance.

---

[2]    The tip allowance also may not be available if there is no record that the employee's tips were at least the amount of the allowance claimed, as well as if the employee spends a substantial amount of his or her time performing tasks for which no tips are received, as Plaintiff did.  (Ex. 3, Padilla Tr. at 54:23-55:9.)

### 2.    Defendants Misappropriated Ms. Padilla's Gratuities

Defendants are also ineligible to claim a tip allowance because they did not allow Plaintiff to retain all of the gratuities that she earned.  (Ex. 3, Padilla Tr. at 36:15-27:2, 38:25-39:19, 40:15-41:2.)  New York's Labor Law strictly prohibits employers from retaining "any part of a gratuity or of any charge purported to be a gratuity for an employee."  N.Y. Lab. Law § 196-d (McKinney 2002).[3]  See also Lu v. Jing Fong Rest., Inc., 503 F. Supp. 2d 706, 710 (S.D.N.Y. 2007) ("The use of a restaurant's gratuity pool to pay restaurant expenses is a 'textbook violation of § 196-d.'") (citation omitted); In re Ngan Gung Rest., Inc., 183 B.R. 689, 695 (Bankr. S.D.N.Y. 1995) (Section 196-d prohibits using an employee's tips to pay another employee's wages).  New York law ties eligibility for the tip allowance to New York Labor Law § 196-d – i.e., violating Section 196-d by retaining any part of a gratuity renders an employer ineligible for the state tip credit.  See Lu, 503 F. Supp. 2d at 711 (denying defendants' motion for summary judgment as to minimum wage and overtime claims because defendants' alleged "violation of § 196-d would render [defendant restaurant] ineligible to receive a tip credit under New York law").

In this case, both individual Defendants concede that the gratuity of fifteen percent that was automatically added to parties' checks was presented as a gratuity for the waitresses.  (Ex. 2, Manlapaz Tr. at 99:10 – 100:16, 104:3-18; Ex. 4, Reyes Tr. at 108:5-9, 137:2-12.)  However, Defendant Manlapaz himself conceded that he instructed the waitresses to

---

[3]    The relevant part of the statute provides:

> No employer or his agent . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. . . .  Nothing in this subdivision shall be construed as affecting . . . practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees, nor to the sharing of tips by a waiter with a busboy or similar employee.

N.Y. Lab. Law § 196-d (McKinney 2002).

8

share those gratuities with Ruben Sello and Camilo Sanchez, Barrio Fiesta's salaried employees. (Ex. 2, Manlapaz Tr. at 102:13-103:5; Ex. 3, Padilla Tr. at 36:15-37:2, 38:25-39:19, 40:15-41:2.) Accordingly, Defendants misappropriated gratuities rightfully belonging to Plaintiff and the waitresses, which misappropriation disqualifies the Defendants from trying to claim the benefit of the tip allowance and renders them liable for the full minimum wage.

**C.**   **Plaintiff is Entitled to Summary Judgment on Count Four due to Defendants' Failure to Pay Overtime Compensation**

Ms. Padilla alleges that Defendants failed to pay her overtime pay as required by the New York Labor Law, and that such violation was willful.  (Ex. 1, ¶¶ 132-35.)  The Wage Order under the New York Labor Law requires employers to compensate their employees at a premium rate for overtime hours worked – not less than one and one-half times the regular rate at which the employee is actually employed for each hour worked over forty hours per week.  See N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3 (2008).

It is undisputed that Defendants paid Ms. Padilla a flat rate of $3.00 per hour no matter how many hours worked, with the exception of the periodic shift pay for private parties and buffets ($30 for each shift).  (Ex. 2, Manlapaz Tr. at 13:5-7; Ex. 5, ¶ 4.)  Defendant Manlapaz has had trouble recalling the precise schedules of each of the waitresses employed by the restaurant, including Plaintiff.  (Ex. 2, Manlapaz Tr. at 107:9-21.)  As noted above, Defendant Manlapaz further admitted that he was not in possession of the waitresses' time sheets. Given Defendants' failure to maintain the true records, Plaintiff's own recollection of her hours worked should be deemed sufficient for the purpose of calculating monies owed.  See Aguilar, 2008 WL 905224, at *3.

As set forth below, Plaintiff testified that she often worked in excess of 40 hours a week from 2003 to 2005.  (Ex. 5, ¶¶ 9-15.)  On average, Plaintiff worked 1.5 hours overtime per

week in 2003, 15.5 hours of overtime per week in 2004, and 5 hours of overtime per week from approximately January 2005 through March 2005.  (See Robinson Aff. ¶¶ 6-8.)  Significantly, Defendants in their Answer admit that Plaintiff worked hours sufficiently similar to those alleged, such that with the addition of the buffet shifts she worked more than forty hours per week.[4]  (Ex. 13, ¶¶ 33-34.)  Defendants concede that Plaintiff and the other waitresses did not receive any overtime pay.  (Ex. 4, Reyes Tr. at 149:6-13.)

By admittedly failing to pay a premium rate for Ms. Padilla's overtime hours, the Defendants violated N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3 (2008).  Accordingly, because Plaintiff has presented "sufficient evidence" to demonstrate the extent of the hours she worked at the restaurant with no overtime compensation, Plaintiff is entitled to summary judgment on Count Four of her Complaint.

**D.**     **Plaintiff is Entitled to Summary Judgment on Count Five due to Defendants' Failure to Pay "Spread of Hours" Compensation**

Ms. Padilla alleges that Defendants failed to pay her "spread of hours" compensation required by the New York Labor Law, and that such violation was willful.  (Ex. 1, ¶¶ 136-39.)

The Wage Order under the New York Labor Law provides that any restaurant employee whose workday is longer than ten hours "shall receive one hour's pay at the basic minimum hourly wage rate."  N.Y. Comp. Codes R. & Regs. tit. 12, § 137–1.7 (2008).[5]  This so-

---

[4]     Ms. Reyes confirmed in her deposition that the Answer was truthful in this respect (Ex. 4, Reyes Tr. at 146:2-6), and that the 2005-2006 time sheets produced by Plaintiff were accurate.  (Id. at 152:4-153:2.)

[5]     New York's federal courts have routinely concluded that plaintiffs can recover spread-of-hours wages in addition to their federal or state minimum wage and overtime claims.  See, e.g., Yang v. ACBL Corp., 427 F. Supp. 2d 327, 338-43 (S.D.N.Y. 2005) (plaintiff recovered overtime and liquidated damages under FLSA and New York law, in addition to spread-of-hours damages); see also Liu v. Jen Chu Fashion Corp., No. 00 Civ. 4221 (RJH) (AJP), 2004 U.S. Dist. LEXIS 35, at *10-19 (S.D.N.Y. Jan. 7, 2004).

called "spread of hours" is defined as the number of hours from the time an employee starts her workday until the time the employee finishes her workday, including both working time and non-working time (e.g., lunch breaks or off-time between split shifts).  See N.Y. Comp. Codes R. & Regs. tit. 12, § 137–3.11 (2008).  See also Chan, 2007 WL 313483, at *21 (explaining that restaurant employees are entitled to spread of hours for each workday in which "(a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur") (quoting N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.4 (2006)).  The amount of spread of hours pay due is the full minimum wage without reduction for any tip allowance or other allowance.  See, e.g., Ke v. Saigon Grill, Inc., No. 07 Civ. 2329 (MHD), 2008 U.S. Dist. LEXIS 86300, at *49 (S.D.N.Y. Oct. 21, 2008) ("[T]he minimum wage payment to which the employee is entitled under the pertinent provisions is the regular minimum wage rather than the lower wage for tipped 'service employees.'") (citing N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7 (2008)).

In this case, Plaintiff alleges that she worked in excess of ten consecutive hours for each weekend evening she worked at Barrio Fiesta.  (Ex. 5, ¶¶ 4, 9-15.)  Further, Defendants admit that the waitresses at the restaurant, including Plaintiff, worked at least eleven hours on each weekend evening, and that Plaintiff was not paid an extra hour's pay during such shifts.  (Ex. 2, Manlapaz Tr. at 175:21-23; Ex. 4, Reyes Tr. at 153:10-13.)  Plaintiff is accordingly entitled to summary judgment on Count Five of her Complaint.

**E.**     **Plaintiff is Entitled to Summary Judgment on Counts Seven and Nine Due to Defendants' Illegal Withholding of Wages**

Ms. Padilla alleges, and Defendants do not contest, that Defendants failed to pay her any wages for approximately the final eight months of her employment.  (Ex. 1, ¶¶ 143-45, 150-53.)  The failure to pay any wages, in addition to violating the New York Minimum Wage Act, N.Y. Lab. Law §§ 650-65 (McKinney 2002 & Supp. 2008), constitutes a violation of New

York Labor Law § 191(1)(a) (McKinney Supp. 2008) (requiring that manual workers be paid at least once weekly and not more than seven days after the end of the pay period). Defendants Manlapaz and Reyes concede that Plaintiff was not paid her wages for the period from September 2005 to May 2006, and Defendants further admitted that the time sheets attached to Plaintiff's Motion for Default Judgment (Ex. 14) were authentic reproductions of the restaurant's time sheets. (Ex. 2, Manlapaz Tr. at 158: 7-12; Ex. 4, Reyes Tr. at 152:14-153:2.) As such, Plaintiff is entitled to summary judgment on these counts.

**F.**    **Defendants Manlapaz and Reyes are Each "Employers" Under the New York Labor Law and are Jointly and Severally Liable for All Wage Violations**

Notably, Defendants neither admitted nor denied Paragraph 11 of the Complaint alleging that they were each employers within the meanings of the FLSA and New York Labor Law. (See Ex. 13.) This allegation is thus deemed admitted pursuant to Rule 8(b)(6). Regardless of Defendants' admission, it is clear that the statutory definitions of "employer" are broad enough to include each of the individually-named Defendants.

**1.**    **Legal Standards for Individual Liability Under the New York Labor Law**

Under the New York Labor Law, an "employer" who may be held personally liable includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."[6] N.Y. Lab. Law § 190(3) (McKinney 2008). The New York Labor Law thus follows the expansive definition of "employer" set forth in the FLSA, and imposes personal liability on employers for wage and hour violations. See, e.g., Jiao v. Chen, No. 03 Civ. 0165, 2007 U.S. Dist. LEXIS 96480, at *30-31 n.12 (S.D.N.Y. Mar. 30, 2007) ("[C]ourts have interpreted the definition of 'employer' under

---

[6]    The definition specifically excludes governmental agencies.

the New York Labor Law coextensively with the definition used by the FLSA."); see also

Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 184, 192-93 (S.D.N.Y. 2003).  The

definition of "employer" under the FLSA is to be broadly construed.  See, e.g., Herman v. RSR

Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) ("The Supreme Court has emphasized the

'expansiveness' of the FLSA's definition of employer. . . .  Above and beyond the plain

language . . . the remedial nature of the statute further warrants an expansive interpretation of its

provisions so that they will have 'the widest possible impact in the national economy.'") (citation

omitted).

> The Second Circuit employs an "economic reality" test to determine whether a

defendant is an employer for FLSA purposes.  See Herman, 172 F.3d at 139.  In that analysis, the

court examines whether the defendant (i) has the power to hire and fire employees, (ii)

supervises or controls employee work schedules or conditions of employment, (iii) determines

the rate and method of payment, or (iv) maintains employment records.  Id.  This list is neither

exclusive nor exhaustive, as a defendant need not fit all the above criteria to qualify as an

employer under the FLSA; no one factor is dispositive, and any other relevant factor may also be

considered.  See Zheng v. Liberty Apparel Co., 355 F.3d 61, 71 (2d Cir. 2003).  The Second

Circuit has also warned that a "mechanical application of the test is to be avoided."  Brock v.

Superior Care, Inc., 840 F.2d 1054, 1059 (2d Cir. 1988).

> The "overarching" issue in determining personal liability is thus whether the

alleged employer has the power to exercise control over employees.  See Herman, 172 F.3d at

139.  Control need not be "ultimate" to support personal liability, see Carter v. Dutchess Cmty.

Coll., 735 F.2d 8, 12 (2d Cir. 1984), nor does it require "continuous monitoring of employees,

looking over their shoulders at all times, or any sort of absolute control of one's employees."

Herman, 172 F.3d at 139; see also Ansoumana, 255 F. Supp. 2d at 192-93 (to be an employer under FLSA, one need "not have direct control over the workers").  Rather, "[c]ontrol may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA." Herman, 172 F.3d at 139.  Thus, the FLSA permits more than one person to be held liable as an employer, see Falk v. Brennan, 414 U.S. 190, 195 (1973), and it does not matter that a particular individual "may have shared or delegated operational control to other[s] . . . or exercised that control infrequently." Moon v. Kwon, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002).

Furthermore, a defendant's subjective belief as to whether or not he is an employer has no bearing on whether that defendant is, in fact, an employer under the FLSA.  See, e.g., Chao v. Vidtape, Inc., 196 F. Supp. 2d 281, 291 (E.D.N.Y. 2002) (finding defendant to be an employer despite defendant's testimony to the contrary), aff'd and modified, 66 F. App'x (2d Cir. 2003).  See, e.g., Bonnette v. California Health & Welfare Agency, 525 F. Supp. 128, 135 (N.D. Cal. 1981) (a good faith belief that one is not an employer is irrelevant to the determination of employer liability under the FLSA), aff'd, 704 F.2d 1465 (9th Cir. 1983).

### 2.    Defendants are "Employers" Pursuant to the Relevant Metrics

The definition of "employer" is no doubt broad enough to encompass each of the individually-named Defendants in this action.  Defendant Manlapaz testified at his deposition that he "ran" the restaurant, including among his list of responsibilities the hiring and firing of employees, supervision over the daily affairs of the restaurant, and setting the schedules of the employees.  (Ex. 2, Manlapaz Tr. at 11:18 – 12:2, 12:15 – 13:4, 18:18-21.)  Defendant Manlapaz further testified, and Defendant Reyes admitted, that Defendant Reyes was in charge of reviewing the various daily summaries kept by the restaurant (e.g., summaries relating to tips and daily sales) and that she was often present in the restaurant.  (Id. at 44:20-22, 55:90-10, 22-24,

61:25-62:5, 136:2-18, 145:3-7; see Ex. 4, Reyes Tr. at 10:20-11:12, 11:20-12:16.)  Defendant

Reyes also helped train Plaintiff upon her employment at the restaurant.  (Ex. 4, Reyes Tr. at

110:11-16.)  Furthermore, the individual Defendants co-owned the restaurant, with Defendant

Reyes even allegedly contributing her personal money to Barrio Fiesta's operations.  (Ex. 2,

Manlapaz Tr. at 10:15-25, 77:5-21.)

      Accordingly, both individual Defendants are joint employers within the meaning

of the New York Labor Law.

### G.    The Plaintiff Should be Awarded Liquidated Damages Due to the Willful Nature of Defendants' Violations

      Defendants are liable for liquidated damages under New York law, because their

myriad violations were willful.  An employee may be awarded liquidated damages under New

York Labor Law amounting to twenty-five percent of the total wages owed by the employer

"upon a finding that the employer's failure to pay the wage required was willful."  N.Y. Lab. Law

§ 198(1-a) (McKinney 2008); see also Moon, 248 F. Supp. 2d at 219, 235 (defendants liable for

liquidated damages under New York law due to willful failure to pay plaintiff overtime).

      In the context of New York Labor Law violations, an "employer acts 'willfully' if

it 'knowingly, deliberately, or voluntarily disregards its obligation to pay wages.'"  Chan, 2007

WL 313483, at *28 (citations omitted).  A plaintiff does not need to show that the defendants

"acted maliciously or in bad faith" in order for the employer to be liable for liquidated damages

under New York law.  Id.  The standard for willfulness in this context "does not appreciably

differ" from the standard for willfulness for the purposes of the FLSA statute of limitations.

Moon, 248 F. Supp. 2d at 235.

      In this case, Defendants set the waitresses' wages and schedules.  In this

connection, it is clear that Defendant Manlapaz was aware of, at a minimum, the existence of a

minimum wage and a requirement to pay overtime for hours worked beyond forty hours per week.  Indeed, Defendant Manlapaz testified that he purposely set the salaried employees' schedules so that they did not work more than forty hours per week, and that the waitresses were given a choice between minimum wage and $3.00 per hour.  (Ex. 2, Manlapaz Tr. at 115:5-116:5.)  These actions by Defendants demonstrate knowledge of the existence of applicable minimum wage and overtime laws at the very least.  As a result, any violation by Defendants of the applicable labor laws is willful per se.

## H.    Amount of Damages Due for New York Labor Law Violations

Plaintiff's damages can be calculated based on the undisputed facts described above.  As an initial matter, Plaintiff is entitled to recover damages under the New York Labor Law for the entirety of her work at Barrio Fiesta as all claims lie within the six year statute of limitations.  See N.Y. Lab. Law §§ 198(3), 663(3) (McKinney 2008).  Accordingly, Ms. Padilla is entitled to an award of damages as set forth below, and as described more fully herein (see Robinson Aff. ¶¶ 16-26; Ex. 15):

- Counts Three, Seven and Nine (Minimum Wage and Withholding of Wages): $14,503.31

- Count Four (Overtime):  $2,297.94

- Count Five (Spread of Hours):  $1,365.90

Moreover, as shown above, the willful nature of Defendants' violations renders them liable for liquidated damages amounting to twenty-five percent of the total wages owed, i.e., $4,541.79.  Plaintiff is also entitled to prejudgment interest, at a statutory rate of 9 percent, for all damages sought herein under New York Labor Law.  See N.Y. C.P.L.R. §§ 5001, 5004 (McKinney 2008).  This prejudgment interest may be awarded in addition to any liquidated

damages that the Court may award.  See Reilly v. Natwest Mkts. Group Inc., 181 F.3d 253, 265 (2d Cir. 1999); see also Perero v. Food Jungle, Inc., No. 95 CV 4347 (JG), 2006 WL 2708055, at *8-9 (E.D.N.Y. Aug. 7, 2006).[7]  Here, prejudgment interest is approximately $8,175.22 to January 31, 2009, and continues to accrue.

Accordingly, Plaintiff respectfully submits that she is entitled to $30,884.16 in damages.  Plaintiff notes that reasonable attorneys' fees may be awarded by statute, and that Plaintiff will move at the appropriate time should judgment be entered in Plaintiff's favor.

---

[7]   In calculating prejudgment interest, Plaintiff assumes that the difference between the midpoint of Plaintiff's employment with Defendants and judgment is 4 years.  See N.Y. C.P.L.R. § 5001(b) (McKinney 2008); see also Yang, 427 F. Supp. 2d at 342.

## IV.

## CONCLUSION

In view of the foregoing, Plaintiff respectfully submits that Plaintiff's Motion for Partial Summary Judgment on the above-cited claims should be granted.

Respectfully submitted,

_____
Mark Cheffo (MC 6335)
Limor Robinson (LR 6319)

Four Times Square
New York, New York 10036-6522
(212) 735-3000

David Colodny (DC 4234)
Urban Justice Center
123 William Street
16th Floor
New York, New York 10038
(646) 602-5600

*Attorneys for Plaintiff Adriane Padilla*

18